UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| JAMES D. SANDERS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| v. | ) ) ) | CV-01-5447 (Cogan, J.) (Orenstein, M., C.M.J.) |
| UNITED STATES, et al., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT JAMES KINSLEY'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
Attorney For Defendants
One Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201

Kevan Cleary
Senior Trial Counsel
   (Of Counsel)

PRELIMINARY STATEMENT

Defendant former FBI Special Agent James Kinsley ("Kinsley") hereby submits this reply memorandum of law in further support of his motion for summary judgment pursuant to Fed. R. Civ. P. 56. As shown below, plaintiff James Sanders ("Sanders") has failed to create an issue of material fact demonstrating that he maintained a Fourth Amendment interest in his desktop computer prior to its seizure by the FBI. He has also failed to create an issue of fact as to the objective reasonableness of Kinsley's conduct in directing the search and seizure of Sanders' desktop computer. Accordingly, Kinsley is entitled to qualified immunity and the entry of summary judgment dismissing this action.

ARGUMENT

KINSLEY IS ENTITLED TO QUALIFIED IMMUNITY

Sanders claims that Kinsley is not entitled to qualified immunity because he had not abandoned his desktop computer and therefore, it was not objectively reasonable for Kinsley to conclude that Sanders had abandoned the computer. This claim is without merit.

On the undisputed record, this Court should find that Sanders failed to maintain a Fourth Amendment interest in his desktop computer because he had abandoned it when he left it with Lee Taylor in March 1997 and made no effort to retrieve it for more than a year. Sanders seeks to avoid the conclusion that the

computer was abandoned by claiming that he left a message for Taylor in July 1997 telling her that he wanted to pick up the computer on a cross-country trip. Plaintiff's Br. at 8. This claim, even if true, is insufficient to raise an issue of material fact as to abandonment, because the undisputed record demonstrates that, notwithstanding this so-called telephone call, Sanders made no effort to retrieve the computer. Although he admits that he knew that Taylor had been instructed by her attorney not to speak with him by July 1997, and thus, would not respond to his message, Sanders did not write, visit, or take any other steps on his own, through his wife or through his or Taylor's attorney, to retrieve the computer. This failure of effort, coupled with Taylor's ongoing and exclusive use of the computer for more than a year, including her moving it from St. Louis to her new residence in Kansas City in October 1997, demonstrates that Sanders abandoned the computer and relinquished any Fourth Amendment interest in it.

Sanders places heavy reliance on Trulock v. Freeh, 275 F.3d 391 (4th Cir. 2001), to claim that he maintained a reasonable expectation of privacy in the computer because he did not give Taylor access to his password-protected files. Sanders seems to claim that because he kept password-protected files on the desktop computer, this Court is precluded from finding that he abandoned the computer. Trulock, however, involved only the issue of consent to search a shared computer. It did not address the issue

4

presented here, which is not one of consent, but of whether Sanders abandoned the computer by leaving it with Taylor, setting it up for her exclusive use and failing to take any steps to retrieve it for over a year. <u>Trulock</u> cannot reasonably be read as precluding a finding of abandonment simply because password-protected files remain on a computer's hard drive.[1]

Sanders also claims that Kinsley is not entitled to qualified immunity because he did not ask enough follow up questions of Taylor to determine whether he had abandoned the computer. The short answer to this is that the undisputed record establishes that Taylor had used the computer exclusively as her own for more than a year and told Kinsley the computer was hers prior to its seizure. Sanders, who was actively evading the FBI in 1997 and 1998, made no effort to contact Kinsley to provide him with information to the contrary.

Finally, Sanders claims that Judge Seybert's ruling at the suppression hearing that he had not abandoned the computer should somehow be given "great weight" so as to deprive Kinsley of qualified immunity. This claim also fails. The test for qualified immunity set forth in Kinsley's opening brief and conceded by Sanders is whether "it would be clear to a reasonable officer that

---

[1] Nor do the facts here indicate that Taylor's apartment was merely a convenient storage facility for Sander's desktop computer. Thus, Sanders' reliance on <u>United States v. James</u>, 353 F.3d 606 (8th Cir. 2003), is also misplaced.

his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001). Even though the district court granted Sanders' motion to suppress evidence from the computer in the criminal case, the fact that the court found the issue of abandonment to be a "close one" underscores that it would not have been clear to Kinsley, or a reasonable officer in Kinsley's position, that the search and seizure of the computer was unlawful. Thus, Kinsley is entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, as well as those stated in Kinsley's opening brief, defendant's Motion for Summary Judgment should be granted.

Dated:   March 2, 2007
         Brooklyn, New York

                                        Respectfully submitted,

                                        ROSLYNN R. MAUSKOPF
                                        United States Attorney
                                        Eastern District of New York
                                        One Pierrepont Plaza, 14th Fl.
                                        Brooklyn, New York 11201


KEVAN CLEARY
Senior Trial Counsel
 (Of Counsel)